UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY HANFLAND,<br><br>      Plaintiff,<br><br> -vs-<br><br>FINANCIAL CREDIT SERVICE, INC. D/B/A ASSET RECOVERY ASSOCIATES,<br><br>      Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Kathy Hanfland brings this action for actual, statutory and punitive damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), New York General Business Law §349 and the common law of the State of New York, laws that seek to protect consumers from various deceptive business acts and practices.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Plaintiff's individual claims under New York General Business Law §349 and the common law of the State of New York are predicated upon the same facts and circumstances giving rise to her federal cause of action.  As such, this honorable Court possesses supplemental jurisdiction over these claims, pursuant to 28 U.S.C. §1367.

4. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

5. Plaintiff Kathy Hanfland is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

6. Defendant Financial Credit Service, Inc., d/b/a Asset Recovery Associates, (hereinafter "ARA") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

9. That Plaintiff Hanfland allegedly incurred and later defaulted on a credit card debt to Citibank in 1998. Said alleged debt will hereinafter be referred to as "the subject debt."

10. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

11. That upon information and belief, Defendant ARA subsequently purchased the subject debt account and initiated efforts to collect payment on the subject debt.

12. That at the time Defendant ARA began its collection efforts, Defendant was fully aware that the Statute of Limitations had expired, thus preventing Defendant from initiating any legal action against Plaintiff to attempt to recover the subject debt.

13. That despite the foregoing, Defendant began calling Plaintiff Kathy Hanfland to collect the debt. During the course of multiple voicemail messages left for Defendant and a telephone call that lasted well over half an hour, Defendant ARA engaged in numerous false, deceptive, abusive and unfair acts, including the following:

    a. Defendant falsely represented to Plaintiff Hanfland that a lawsuit had been filed against her with a "Case Number" of "15393366-01,"

    b. Defendant falsely identified itself as the "Offices of ARA & Associates,"

    c. Defendant falsely stated that Defendant would be "rendering a decision on [Plaintiff's] behalf,"

    d. Defendant falsely stated that they were providing Plaintiff with "notification of a judgment that is now scheduled to proceed out under [her] name and under [her] Social [Security number],"

    e. Defendant threatened that despite acknowledging that the subject debt hadn't been paid on since 1998, Defendant ARA "[said] the only way they are going to get a response from [Plaintiff Hanfland] is to take further action," thus implying a lawsuit,

2

f. Defendant abusively and deceptively asked Plaintiff Hanfland, "why the bill with [ARA or the original creditor] wasn't taken care of *voluntarily*,"

g. Defendant threatened that Plaintiff Hanfland was being "pursued" for $4,586.16,

h. Defendant falsely and deceptively alleged that Defendant had sent written correspondence to Plaintiff regarding the alleged debt on numerous occasions without reply,

i. Defendant falsely claimed that Citibank (a company with whom Plaintiff Hanfland currently has an active account with) was now reporting the debt as "delinquent" because the subject debt was affecting the new card's status, interest rates, etc.

j. Defendant falsely and deceptively represented to Plaintiff that Defendant ARA communicates regularly with Citibank directly to suggest that they were working together to collect payment on the subject debt and provide information to one another regarding Plaintiff,

k. Defendant abusively and deceptively declared, "We have to see if you have to be sued on this. Are you someone who actually pays her bills or not?",

l. Defendant abusively and offensively stated, "It's not fair for you to be able to pick and choose what lines of credit you pay and don't pay back,"

m. Defendant unfairly convinced Plaintiff to use a current credit card of hers (which had a zero balance and hadn't been used in sometime) to pay Defendant and "avoid legal action," including a judgment and judgment enforcement measures,

n. Defendant abusively stated that "It's not that [Plaintiff is] destitute, you just chose not to pay your bills,"

o. Defendant falsely, deceptively and abusively stated that Defendant would notify the Court that they "tried to settle out of Court with [Plaintiff]" but she did not want to resolve the matter "voluntarily,"

p. Defendant falsely and abusively averred that ARA communicates with Plaintiff's current creditors and would advise them that Plaintiff "[has] to be sued to pay [her] bills,"

q. Defendant falsely and deceptively averred that Defendant would close out the subject debt account and release Plaintiff of all "obligations and liabilities" as well as "future legal action that could be taken" if she paid a settlement towards the subject debt,

r. Defendant falsely, deceptively and fraudulently claimed that ARA already possessed the credit card number for a different Citibank credit card of hers, but needed Plaintiff

3

    Hanfland to state the full number (along with other sensitive security information) over the phone to process a payment of $2,391.41,

  s. Defendant falsely and deceptively stated that ARA was trying to accept payment of a settlement from Plaintiff Hanfland to "prevent" a judgment that could not be lawfully obtained,

  t. Defendant falsely and deceptively sought to have Plaintiff make a "down-payment" of $100.00 towards the subject debt when Plaintiff Hanfland explained that she did not have a credit card in her possession to pay the Defendant in order to "re-age" the debt; and

  u. Defendant unfairly and deceptively obtained Plaintiff Hanfland's bank account information in order to collect $100.00 from her and seek to re-age the applicable Statute of Limitations.

14. That in addition to the violations described above, Defendant ARA repeatedly failed to provide disclosures required by 15 U.S.C. §1692(d)(6) and 15 U.S.C. §1692(e)(11).

15. That at no time has Defendant ARA provided Plaintiff Hanfland with a written notice of the subject debt and/or her rights as a "consumer," as required by 15 U.S.C. §1692g(a).

16. That at no time has Defendant notified Plaintiff Hanfland that the subject debt is passed the applicable Statute of Limitations and thus Defendant could not/cannot file suit to attempt to recover the alleged debt.

17. That as a result of Defendant's abusive, fraudulent, deceptive and unfair behavior, Plaintiff Kathy Hanfland became extremely upset and worried, suffered from stress, anxiety, fear and has otherwise suffered from emotional distress.

### COUNT ONE – FDCPA VIOLATIONS

18. The aforementioned acts and omissions of Defendant ARA have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), including, though not limited to, the following:

19. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(2) by using language the natural consequence of which was to abuse Kathy Hanfland when:

  a. Defendant represented to Plaintiff Hanfland that a lawsuit had been filed against her with a "Case Number" of "15393366-01,"

  b. Defendant stated that Defendant would be "rendering a decision on [Plaintiff's] behalf,"

c. Defendant stated that they were providing Plaintiff with "notification of a judgment that is now scheduled to proceed out under [her] name and under [her] Social [Security number],"

d. Defendant threatened that despite acknowledging that the subject debt hadn't been paid on since 1998, Defendant ARA "[said] the only way they are going to get a response from [Plaintiff Hanfland] is to take further action," thus implying a lawsuit,

e. Defendant asked Plaintiff Hanfland, "why the bill with [ARA or the original creditor] wasn't taken care of *voluntarily*," (*emphasis added*),

f. Defendant threatened that Plaintiff Hanfland was being "pursued" for $4,586.16,

g. Defendant claimed that Citibank (a company with whom Plaintiff Hanfland currently has an active account with) was now reporting the debt as "delinquent" because the subject debt was affecting the new card's status, interest rates, etc.

h. Defendant represented to Plaintiff that Defendant ARA communicates regularly with Citibank directly to suggest that they were working together to collect payment on the subject debt and provide information to one another regarding Plaintiff,

i. Defendant declared, "We have to see if you have to be sued on this. Are you someone who actually pays her bills or not?",

j. Defendant stated, "It's not fair for you to be able to pick and choose what lines of credit you pay and don't pay back,"

k. Defendant stated that "It's not that [Plaintiff is] destitute, you just chose not to pay your bills,"

l. Defendant stated that Defendant would notify the Court that they "tried to settle out of Court with [Plaintiff]" but she did not want to resolve the matter "voluntarily,"

m. Defendant stated that ARA communicates with Plaintiff's current creditors and would advise them that Plaintiff "[has] to be sued to pay [her] bills,"

n. Defendant stated that ARA would close out the subject debt account and release Plaintiff of all "obligations and liabilities" as well as "future legal action that could be taken," if she paid a settlement towards the subject debt, and

o. Defendant stated that ARA was trying to accept payment of a settlement from Plaintiff Hanfland to "prevent" a judgment that could not be lawfully obtained.

20. Defendant violated multiple provisions of 15 U.S.C. §1692e, including in particular 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(8), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692e(14) by using false, deceptive and/or misleading representations and means in an attempt to collect the subject debt, when:

   a. Defendant falsely represented to Plaintiff Hanfland that a lawsuit had been filed against her with a "Case Number" of "15393366-01,"
   b. Defendant falsely identified itself as the "Offices of ARA & Associates,"
   c. Defendant falsely stated that Defendant would be "rendering a decision on [Plaintiff's] behalf,"
   d. Defendant falsely stated that they were providing Plaintiff with "notification of a judgment that is now scheduled to proceed out under [her] name and under [her] Social [Security number],"
   e. Defendant deceptively asked Plaintiff Hanfland, "why the bill with [ARA or the original creditor] wasn't taken care of voluntarily,"
   f. Defendant falsely implied that legal action was being taken even though it could not when ARA stated that Plaintiff Hanfland was being "pursued" for $4,586.16,
   g. Defendant falsely and deceptively alleged that Defendant had sent written correspondence to Plaintiff regarding the alleged debt on numerous occasions without reply,
   h. Defendant falsely claimed that Citibank (a company with whom Plaintiff Hanfland currently has an active account with) was now reporting the debt as "delinquent" because the subject debt was affecting the new card's status, interest rates, etc.
   i. Defendant falsely and deceptively represented to Plaintiff that Defendant ARA communicates regularly with Citibank directly to suggest that they were working together to collect payment on the subject debt and provide information to one another regarding Plaintiff,
   j. Defendant deceptively declared, "We have to see if you have to be sued on this. Are you someone who actually pays her bills or not?",
   k. Defendant deceptively convinced Plaintiff to use a current credit card of hers (which had a zero balance and hadn't been used in sometime) to pay Defendant to "avoid legal action," including a judgment and judgment enforcement measures which could not actually be obtained or initiated by Defendant,

    l. Defendant falsely and deceptively stated that Defendant would notify the Court that they "tried to settle out of Court with [Plaintiff]" but she did not want to resolve the matter "voluntarily,"

    m. Defendant falsely declared that ARA communicates with Plaintiff's current creditors and would advise them that Plaintiff "[has] to be sued to pay [her] bills,"

    n. Defendant falsely and deceptively claimed that Defendant would close out the subject debt account and release Plaintiff of all "obligations and liabilities" as well as "future legal action that could be taken" if she paid a settlement towards the subject debt,

    o. Defendant falsely, deceptively and fraudulently claimed that ARA already possessed the credit card number for a different Citibank credit card of hers, but needed Plaintiff Hanfland to state the full number (along with other sensitive security information) over the phone to process a payment of $2,391.41,

    p. Defendant falsely and deceptively stated that ARA was trying to accept payment of a settlement from Plaintiff Hanfland to "prevent" a judgment that could not be lawfully obtained,

    q. Defendant falsely and deceptively sought to have Plaintiff make a "down-payment" of $100.00 towards the subject debt when Plaintiff Hanfland explained that she did not have a credit card in her possession to pay the Defendant in order to "re-age" the debt; and

    r. Defendant deceptively obtained Plaintiff Hanfland's bank account information in order to collect $100.00 from her and seek to re-age the applicable Statute of Limitations.

21. Defendant violated 15 U.S.C. §1692f by unfairly and unconscionably using threats and lies to pressure and scare Plaintiff into making payment on a debt that was well over 16 to 17 years old, despite the fact that Defendant did not have the intent or authority to follow through on those representations or otherwise take such actions.

22. That as a result of Defendant's abusive, unfair and deceptive conduct, Plaintiff was coerced into providing her sensitive payment information to Defendant. Additionally, Kathy Hanfland suffered from great emotional distress as a result of being threatened and forced to endure the anxiety associated with the allegations detailed above. To this day, Plaintiff becomes anxious and worried every time she thinks about the events that transpired, especially as she is unsure whether her information could be misused in the future.

## COUNT TWO – N.Y. GEN. BUS. LAW VIOLATIONS

23. That the aforementioned acts of Defendant NES have violated the General Business Law of the State of New York.

24. New York General Business Law §349 prohibits the use of deceptive acts and/or practices when conducting business.

25. Defendant violated New York General Business Law §349 by communicating dozens of false and deceptive threats and representations to Plaintiff Hanfland in an attempt to coerce her into making payment on a debt that was well beyond any applicable Statute of Limitations.

26. That as a result of Defendant Performant's abusive behavior and deceptive conduct, Plaintiff Hanfland did in fact provide her payment information to Defendant and tendered payment towards the subject debt.

27. That as a result of Defendant's abusive and deceptive behavior, Plaintiff was forced to place a stop on the payment, had to endure the stress and anxiety involved with not knowing whether she had re-aged a zombie debt and whether the Defendant would further misuse her sensitive payment information to further defraud her.

## COUNT THREE - COMMON LAW FRAUD

28. The aforementioned acts and omissions of the Defendant constituted common law fraud as set forth by the common law of the State of New York, as follows:

    a. Defendant's various statements regarding ARA's intent to sue Plaintiff, obtain a judgment against her, enforce a judgment against her and otherwise affect her credit in various negative ways if she did not pay the debt immediately were material representations that directly and specifically affected Plaintiff's decision to make payment towards the subject debt.

    b. Said material representations were clearly false, since Defendant ARA lacked both the intent and authority to engage in any litigation or judgment enforcement measures to collect on a debt that was approximately ten (10) years past any applicable Statute of Limitations.

    c. Said material representation was known to be false by Defendant when made since Defendant is a New York licensed debt collection agency and would therefore be familiar with the applicable Statute of Limitations, as well as the fact that ARA is not a law firm and does not have attorneys and thus would not have initiated any of the legal acts threatened or communicated to Plaintiff Hanfland.

8

    d. Defendant's knowingly false representation clearly acted to deceive the Plaintiff; and

    e. As a result of Defendant's various false representations, Plaintiff provided sensitive bank account information and as a result Defendant and otherwise suffered from severe emotional distress.

### COUNT FOUR - FRAUDULENT INDUCEMENT OF CONTRACT

29. The aforementioned acts and omissions of the Defendant constituted fraudulent inducement of contract as set forth by the common law of the State of New York, as follows:

    a. Defendant falsely represented that they would take numerous legal measures to force Plaintiff Hanfland to pay the subject debt;

    b. Defendant knowingly misrepresented their intent and/or authority to take any such legal action;

    c. Plaintiffs justifiably relied on Defendant's representations as neither possessed knowledge of the legal process or Defendant's organizational structure; and

    d. As a result, Plaintiffs relied on Defendant's false representations when they provided payment information and tendered payment to Defendant and otherwise initiated efforts to obtain further methods of payment (i.e. ordered a replacement credit card).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hanfland respectfully requests that this honorable Court enter judgment against Defendant ARA for:

(a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law §349(h), which includes damages for emotional distress caused by Defendant's abusive, deceptive and unfair conduct;

(b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law §349(h);

(d) Trebling of actual damages of $1,000.00, pursuant to N.Y. Gen. Bus. Law §349(h);

(e) Punitive damages for Defendant's deceptive, unfair and abusive behavior pursuant to the common law of the State of New York, and

(f) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Kathy Hanfland demands a trial by jury in this action.

Date: May ____, 2016                    /s/ Frank J. Borgese  _____
                                        Frank J. Borgese, Esq.
                                        Graham & Borgese, LLP
                                        *Attorneys for the Plaintiff*
                                        336 Harris Hill Rd., First Floor
                                        Williamsville, NY 14221
                                        frank@gbdebthelp.com
                                        716.200.1520., Ext. 200